ORIGINAL

**FORM TO BE USED BY A PRISONER IN FILING A
CIVIL RIGHTS COMPLAINT**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

**COMPLAINT**

**ANDREW DAVIS**,
(Enter above the full name of the plaintiff in this action)

Civil Action No. _____

v.

**NEW JERSEY DEPARTMENT OF
CORRECTIONS, et. als.**   ,

(Enter above the full name of the defendant or defendants
in this action)

## INSTRUCTIONS -- READ CAREFULLY

1.  This Complaint must be legibly handwritten or typewritten, signed by the plaintiff and subscribed to under penalty of perjury as being true and correct. All questions must be answered concisely in the proper space on the form. Where more space is needed to answer any questions, attached a separate sheet.

2.  In accordance with Rule 8 of the Federal Rules of Civil Procedure, the Complaint should contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short plain statement of the Claim showing that you are entitled to Relief, and (3) a Demand for Judgment for the Relief which you seek.

3.  You must provide the full name of each Defendant or defendants and where they can be found.

4.  You must send the Original and One copy of the Complaint to the Clerk of the District court. You must also send One Additional copy of the Complaint For Each Defendant to the Clerk. Do not send the Complaint directly to the Defendants.

5.  Upon receipt of fee of $350.00, your Complaint will be filed. You will be responsible for Service of a separate Summons and Copy of the Complaint On Each Defendant (See R.4, Federal. Rule of Civil Procedure.

2017 SEP -6  P 3: 40
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

### FORM TO BE USED BY A PRISONER IN FILING A
### CIVIL RIGHTS COMPLAINT

6.   If you cannot prepay the filing fees (**$350.00**), you may request permission to proceed <u>in</u> <u>forma pauperis</u> in accordance with the procedures set forth below. **(If there is more than one Plaintiff, <u>Each Plaintiff</u> must separately   request permission to proceed <u>in forma pauperis</u>)**

**7.** If you are given permission To Proceed <u>in forma pauperis</u>, the Clerk will prepare and issue a copy of the Summons for each defendant.   The copies of the Summonses and the copies of the Complaint, which you have submitted, will be forwarded by the Clerk to the United States Marshal, who is responsible for service.   The Marshal has the USM-285 forms you must complete so that the Marshal can locate and serve each defendant.   If the forms are sent to you, must complete them <u>in full</u> and return the forms to the Marshal.

### QUESTIONS TO BE ANSWERED

**1a.**   Jurisdiction is asserted pursuant to (CHECK ONE)

  **XXX**   42 U.S.C. § 1983 (applies to state prisoners)

_____   Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,
403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoner)

If you want to assert jurisdiction under different or additional statutes,
list below:

_____

**1b.**   Indicate whether you are a prisoner or other confined person as follows:

_____   Pretrial detainee
_____   Civilly-committed detainee
_____   Immigration detainee
  **XXX**   Convicted and sentenced state prisoner
_____   Convicted and sentenced federal prisoner
_____   Other: (please explain)_____

**2.**   Previously Dismissed Federal Civil Actions or Appeals:

If you are proceeding <u>in forma pauperis</u>, list each action or appeal you have   brought in federal court while you were incarcerated or detained in any facility, that was dismissed as frivolous or malicious, or for failure to   state claim upon which relief may be granted.   Please note that a prisoner   who has on three or more prior occasions, while detained in any facility   brought an action or appeal in a federal court that was dismissed as frivolous   or malicious, or for failure to state a claim upon which relief may be granted, will be denied   <u>in forma pauperis</u>   status unless that prisoner is under imminent danger or serious physical injury. See 28 U.S.C. § 1915 (g).

**FORM TO BE USED BY A PRISONER IN FILING A**
**CIVIL RIGHTS COMPLAINT**

a.   Parties to previous lawsuit:

    Plaintiff(s):     Never   Filed   Previous   Lawsuit     **(N/A)**

    Defendant(s):             N/A

b.   Court and Docket Number: _____ N/A

c.   Grounds for Dismissal: ( ) Frivolous   ( ) Malicious   ( ) Failure to state a claim upon which relief may be granted

d.   Approximate date of Filing lawsuit: _____ N/A

e.   Approximate date of Disposition: _____ N/A
    If there is more than one Civil Action or Appeal, describe the additional Civil Actions or Appeals using this same Format on separate sheets.

3.   **Place of Present Confinement**: _____ Northern State Prison

4.   **Parties:**

(In item (a) below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiff if any.)

    **a.**   Name of Plaintiff: ____ Mr. Andrew Davis

        Address: Northern State Prison,   P.O. Box 2300, 168 Frontage Road,    Newark, New Jersey 07114.

           Inmate#: ___ #1038762/#163851-G

    **b.**   First Defendant - name: __ Gary L. Lanigan

        Official Position:    Commissioner Of Department Of Corrections

        Place of employment: New Jersey Department Of Corrections

## FORM TO BE USED BY A PRISONER IN FILING A
## CIVIL RIGHTS COMPLAINT

How is this person involved in the case?

Defendant knowingly, purposely, willfully, intentionally and maliciously violated public policy, and the expressed will of the legislature, which mandates that the Commissioner of the New Jersey Department of Corrections provide for custody, care, training and treatment of prisoners, along with an environment which encourages the possibility of rehabilitation and reintegration into the community, and which protects prisoners from being victimized within institutions,

_____

**c. Second Defendant - Name:** SCO. Victor Tapia BDG# 00764,
Official Position: Senior Correctional Officer for the New Jersey Department of Corrections

Place of employment: South Woods State Prison

How is this person involved in the case?

Initiated Assault against plaintiff and continued to Assault plaintiff using excessive and unnecessary force after he was already handcuffed and subdued. As such, he personally, and in his official capacity owes a specific responsibility to safeguard Plaintiff's rights, privileges, and immunities from unreasonable abridgment. Moreover, he may not deliberately assault, harass, retaliate or use excessive force against Plaintiff.

**d.** If there are more than two defendants, attach a separate sheet. For each defendant specify (1) name, (2) official position, (3) place of employment, and (4) involvement of the defendant.

**5.** I previously sought Informal or Formal relief from the appropriate administrative officials regarding the acts complained of in the Statement of Claims on page 6.

**XXX** Yes _____ No

If your answer is "Yes", briefly describe the steps taken, including how relief was sought, from whom you sought relief, and the results.

By way of Inquiry And Inmate Grievance Forms As Well As Requested An Proper Investigation And Criminal Charges Be Filed Against The Officers That Attacked And Assaulted Me, By The Special Investigation Division, Which They Refused To Take Any Action On My Behalf And Charge Me With Assault.

**ADDITIONAL DEFENDANTS**     **PAGE 2**

**Third Defendant - Name:** Sgt. J. Kuhlen BDG# S104,

Official Position: Senior Correctional Officer for the New Jersey Department of Corrections with rank of Sergeant.

Place of employment: South Woods State Prison

How is this person involved in the case?

Assaulted plaintiff using excessive and unnecessary force after he was already handcuffed and subdued. As such, he personally, and in his official capacity owes a specific responsibility to safeguard Plaintiff's rights, privileges, and immunities from unreasonable abridgment. Moreover, he may not deliberately assault, harass, retaliate or use excessive force against Plaintiff.

**Fourth Defendant - Name:** Sgt. S. Hunter BDG# S003, SCO.

Official Position: Senior Correctional Officer for the New Jersey Department of Corrections with rank of Sergeant.

Place of employment: South Woods State Prison

How is this person involved in the case?

Falsified Report of Assault of plaintiff using excessive and unnecessary force after he was already handcuffed and subdued. As such, he personally, and in his official capacity owes a specific responsibility to safeguard Plaintiff's rights, privileges, and immunities from unreasonable abridgment.   Moreover, he may not deliberately assault, harass, retaliate falsify reports or use excessive force against Plaintiff.

**Fifth Defendant - Name:**   Sgt. R. Dunns BDG# S054,

Official Position: Senior Correctional Officer for the New Jersey Department of Corrections   with rank of Sergeant.

Place of employment: South Woods State Prison

How is this person involved in the case?

Assaulted plaintiff using excessive and unnecessary force after he was already handcuffed and subdued. As such, he personally, and in his official capacity owes a specific responsibility to safeguard Plaintiff's rights, privileges, and immunities from unreasonable abridgment. Moreover, he may not deliberately assault, harass, retaliate or use excessive force against Plaintiff.

**ADDITIONAL DEFENDANTS        PAGE 3**

**Sixth Defendant - Name:** Nurse Kyrsten Pierce

Official Position: Registered Nurse under contract with the New Jersey Department of Corrections .

Place of employment: South Woods State Prison

How is this person involved in the case?

The medical department aided and abetted the officers by knowingly, purposely, intentionally, and maliciously denied medical care and treatment, failing and refusing to properly conduct an medical examination or render any medical treatment and falsified medical documents of plaintiff sustaining no kind of injuries, such actions of denial of medical care and treatment, as well as not notifying the proper authorities concerning this matter.

**Seventh Defendant - Name:** Sgt. R. Dunns BDG# S054,

Official Position: Senior Correctional Officer for the New Jersey Department of Corrections   with rank of Sergeant.

Place of employment: South Woods State Prison

How is this person involved in the case?

Assaulted plaintiff using excessive and unnecessary force after he was already handcuffed and subdued. As such, he personally, and in his official capacity owes a specific responsibility to safeguard Plaintiff's rights, privileges, and immunities from unreasonable abridgment. Moreover, he may not deliberately assault, harass, retaliate or use excessive force against Plaintiff.

**Eighth Defendant - Name:** Lt. J. Sprenger BDG# L068

**Official Position:** Senior Correctional Officer for the New Jersey Department of Corrections with rank of Lieutenant.

**Place of employment:** South Woods State Prison

**How is this person involved in the case?**

Assaulted plaintiff using excessive and unnecessary force after he was already handcuffed and subdued. As such, he personally, and in his official capacity owes a specific responsibility to safeguard Plaintiff's rights, privileges, and immunities from unreasonable abridgment. Moreover, he may not deliberately assault, harass, retaliate or use excessive force against Plaintiff.

**ADDITIONAL DEFENDANTS       PAGE 4**

**Ninth Defendant - Name:** SCO. M. Mackeprang BDG# 00574,

**Official Position:** Senior Correctional Officer for the New Jersey Department of Corrections .

**Place of   employment:** South Woods State Prison

**How is this person involved in the case?**

Assaulted plaintiff using excessive and unnecessary force after he was already handcuffed and subdued. As such, he personally, and in his official capacity owes a specific responsibility to safeguard Plaintiff's rights, privileges, and immunities from unreasonable abridgment. Moreover, he may not deliberately assault, harass, retaliate or use excessive force against Plaintiff.


**Tenth Defendant - Name:**   SCO. M. Garcia BDG# 00808,

**Official Position:** Senior Correctional Officer for the New Jersey Department of Corrections .

**Place of   employment:** South Woods State Prison

**How is this person involved in the case?**

Assaulted plaintiff using excessive and unnecessary force after he was already handcuffed and subdued. As such, he personally, and in his official capacity owes a specific responsibility to safeguard Plaintiff's rights, privileges, and immunities from unreasonable abridgment. Moreover, he may not deliberately assault, harass or retaliate against Plaintiff for free exercise of judicial redress.


**Eleventh Defendant - Name:** SCO. A. Dooley BDG# 00726,

**Official Position:** Senior Correctional Officer for the New Jersey Department of Corrections .


**Place of   employment:** South Woods State Prison

**How is this person involved in the case?**

Assaulted plaintiff using excessive and unnecessary force after he was already handcuffed and subdued. As such, he personally, and in his official capacity owes a specific responsibility to safeguard Plaintiff's rights, privileges, and immunities from unreasonable abridgment. Moreover, he may not deliberately assault, harass, retaliate or use excessive force against Plaintiff.

### ADDITIONAL DEFENDANTS        PAGE 5

**Twelveth Defendant - Name:** <u>SCO. J. Hawk BDG# 00174,</u>

**Official Position:** <u>Senior Correctional Officer for the New Jersey Department of Corrections</u> .

**Place of  employment:** <u>South Woods State Prison</u>

**How is this person involved in the case?**

<u>Assaulted plaintiff using excessive and unnecessary force after he was already handcuffed and subdued. As such, he personally, and in his official capacity owes a specific responsibility to safeguard Plaintiff's rights, privileges, and immunities from unreasonable abridgment. Moreover, he may not deliberately assault, harass, retaliate or use excessive force against Plaintiff.</u>


**Thirteenth Defendant - Name:** <u>SCO. S. Lopez BDG# 00582,</u>

**Official Position:** <u>Senior Correctional Officer for the New Jersey Department of Corrections</u> .

**Place of  employment:** <u>South Woods State Prison</u>

**How is this person involved in the case?**

<u>Assaulted plaintiff using excessive and unnecessary force after he was already handcuffed and subdued. As such, he personally, and in his official capacity owes a specific responsibility to safeguard Plaintiff's rights, privileges, and immunities from unreasonable abridgment. Moreover, he may not deliberately assault, harass, retaliate or use excessive force against Plaintiff.</u>


**Fourteenth Defendant - Name:** <u>SCO. J. Elbeuf BDG# 00203,</u>

**Official Position:** <u>Senior Correctional Officer for the New Jersey Department of Corrections</u> .

**Place of  employment:** <u>South Woods State Prison</u>

**How is this person involved in the case?**

<u>Assaulted plaintiff using excessive and unnecessary force after he was already handcuffed and subdued. As such, he personally, and in his official capacity owes a specific responsibility to safeguard Plaintiff's rights, privileges,  and immunities   from unreasonable abridgment. Moreover, he may not deliberately assault, harass, retaliate or use excessive force against Plaintiff.</u>

ADDITIONAL DEFENDANTS        PAGE 6

**Fifthteenth Defendant - Name:** SCO. V. Spinelli BDG# 00742,

**Official Position:** Senior Correctional Officer for the New Jersey Department of Corrections .

**Place of   employment:** South Woods State Prison

**How is this person involved in the case?**

Assaulted plaintiff using excessive and unnecessary force after he was already handcuffed and subdued. As such, he personally, and in his official capacity owes a specific responsibility to safeguard Plaintiff's rights, privileges, and immunities from unreasonable abridgment. Moreover, he may not deliberately assault, harass, retaliate or use excessive force against Plaintiff.

**Sixteenth Defendant - Name:**   SCO. D. West BDG# 00898,

**Official Position:** Senior Correctional Officer for the New Jersey Department of Corrections .

**Place of   employment:** South Woods State Prison

**How is this person involved in the case?**

Assaulted plaintiff using excessive and unnecessary force after he was already handcuffed and subdued. As such, he personally, and in his official capacity owes a specific responsibility to safeguard Plaintiff's rights, privileges, and immunities from unreasonable abridgment. Moreover, he may not deliberately assault, harass, retaliate or use excessive force against Plaintiff.

**Seventeenth Defendant - Name:** SCO. L. Toro BDG# 00891,

**Official Position:** Senior Correctional Officer for the New Jersey Department of Corrections .

**Place of   employment:** South Woods State Prison

**How is this person involved in the case?**

Assaulted plaintiff using excessive and unnecessary force after he was already handcuffed and subdued. As such, he personally, and in his official capacity owes a specific responsibility to safeguard Plaintiff's rights, privileges, and immunities from unreasonable abridgment. Moreover, he may not deliberately assault, harass, retaliate or use excessive force against Plaintiff.

## ADDITIONAL DEFENDANTS       PAGE 7

**Eighteenth Defendant - Name:** SCO. Dennis D. Mercado BDG# 00609,

Official Position: Senior Correctional Officer for the New Jersey Department of Corrections .

Place of  employment: South Woods State Prison

How is this person involved in the case?

Falsified Report and Altered Video Tape of Assault of plaintiff using excessive and unnecessary force after he was already handcuffed and subdued. As such, he personally, and in his official capacity owes a specific responsibility to safeguard Plaintiff's rights, privileges, and immunities from unreasonable abridgment.   Moreover, he may not deliberately falsify reports and alter evidence of any wrong doing to cover-up such actions.,


**Ninteenth Defendant - Name:** Donna Alexander,

**Official Position:** Senior Investigator Of the Special   Investigation Division.

Place of  employment: New   Jersey Department of Corrections.

**How is this person involved in the case?**

Knowingly, purposely, willfully, maliciously and intentionally violated the New Jersey Attorney General's **Guidelines Concerning Complaints** by refusing to accept and file the criminal complaint of officer misconduct with the Prosecutor's Office on the plaintiff's behalf. As well as conducting a proper investigation and safe guarding all evidence to ensure an fair and impartial process. As such, she personally, and in her official capacity owes a specific responsibility to safeguard Plaintiff's rights, privileges, and immunities from unreasonable abridgment.

**Twentith   Defendant - Name:** Elizabeth Adams

**Official Position:** Senior Investigator Of the Special   Investigation Division.

Place of  employment: New   Jersey Department of Corrections.

**How is this person involved in the case?**

Knowingly, purposely, willfully, maliciously and intentionally violated the New Jersey Attorney General's **Guidelines Concerning Complaints** by refusing to accept and file the criminal complaint of officer misconduct with the Prosecutor's Office on the plaintiff's behalf. As well as conducting a proper investigation and safe guarding all evidence to ensure an fair and impartial process. As such, she personally, and in her official capacity owes a specific responsibility to safeguard Plaintiff's rights, privileges, and immunities from unreasonable abridgment.

## ADDITIONAL DEFENDANTS        PAGE 8

**Twenty-first Defendant - Name:** Eleazar Spratley BDG#225

**Official Position:** Senior Investigator Of the Special   Investigation Division.

Place of   employment: New   Jersey Department of Corrections.

### How is this person involved in the case?
Knowingly, purposely, willfully, maliciously and intentionally violated the New Jersey Attorney General's **Guidelines Concerning Complaints** by refusing to accept and file the criminal complaint of officer misconduct with the Prosecutor's Office on the plaintiff's behalf. As well as conducting a proper investigation and safe guarding all evidence to ensure an fair and impartial process. As such, he personally, and in his official capacity owes a specific responsibility to safeguard Plaintiff's rights, privileges, and immunities from unreasonable abridgment.

**Twenty-second Defendant - Name:** Norma Morales-Pitre

**Official Position:** Courtline Hearing Officer

Place of   employment: New   Jersey Department of Corrections.

### How is this person involved in the case?
Defendant Morales-Pitre, Knowingly, purposely, willfully, maliciously and intentionally   denied Plaintiff his due process rights of a fair and impartial disciplinary hearing. As such, she personally, and in her official capacity owes a specific responsibility to safeguard Plaintiff's rights, privileges, and immunities from unreasonable abridgment.

**Twenty-third Defendant - Name:** Lisa Swift

**Official Position:** Assistant Superintendent

Place of   employment: South Woods State Prison

### How is this person involved in the case?
Defendant Swift, Knowingly, purposely, willfully, maliciously and intentionally   refused to amend, modify and correct the appeal of the unfair hearing presented before Defendant Morales-Pitre. Plaintiff was denied a fair and impartial consideration on appeal from said hearings. As such, she personally, and in her official capacity owes a specific responsibility to safeguard Plaintiff's rights, privileges, and immunities from unreasonable abridgment.

**ADDITIONAL DEFENDANTS    PAGE 9**

**Twenty-fourth Defendant - Name:** Mr. R. Riggins

**Official Position:** Administrator

Place of employment: South Woods State Prison

**How is this person involved in the case?**

Defendant Riggins, is employed by the DOC as the Administrator of SWSP, and is the Chief Executive Officer thereof. As such, he is personally, and in his official capacity, responsible for ensuring that he and his employees/agents act in a reasonable and responsible manner to insure the safety of prisoners entrusted in his care, exercising due diligence in protecting same, including their attendant rights, privileges and immunities. In addition, he is responsible for the daily operations and management of all rules and regulations pursuant to N.J.S.A. 30:1b-6.g, N.J.S.A. 30:4-5, and N.J.A.C. 10A:4-2.3 he is lawfully responsible for the conduct of all employees/agents appointed by him.

## FORM TO BE USED BY A PRISONER IN FILING A
## CIVIL RIGHTS COMPLAINT

If your answer is "No", briefly explain why administrative remedies were not exhausted.

_____
_____
_____

6. State of Claims:

State here as briefly as possible the facts of your case. Describe how each defendant violated your rights giving dates and places. If you do not specify how each defendant violated your rights and date(s) and place of the violations, your complaint may be dismissed. Include also the names of other persons who are involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach a separate sheet if necessary.)

1. This is an Civil Action to redress the unjust deprivation and violation of plaintiff's civil rights, abuse of authority, violation of rules and regulations, assault, unnecessary force, excessive force, denial of medical care and treatment, conspiracy, deliberate retaliation and defamation of character, under the color of law secured by the United state Constitution, the New Jersey Constitution and the laws of this State.

2. All the defendants are employed by the New Jersey Department of Corrections in varies occupations and as the Executive thereof. Each defendant is individually and in their official capacity are responsible for ensuring that theirselves, their employees/agents act in reasonable and responsible manner insure the safety of all prisoners entrusted in the care of the Department of Corrections, exercising due diligence in protecting same, including there attendant rights, privileges and immunities.

3. On July 26, 2016, the plaintiff Andrew Davis, was knowingly, purposely, intentionally, and maliciously brutally assaulted by numerous Correctional Officers, at the South Woods State Prison, for defending himself against the unlawful attack of his person by Senior Correctional Officer Victor Tapia.

4. **South Woods State Prison just like Bayside State Prison,** has a known reputation for abusing their authority, attacking, assaulting and using excessive force against inmates; and have even been linked to the death of countless inmates as well and still the culture of the officer's misconduct within the New Jersey Department of Corrections has not change.

**5.**    Please be advised, that other prison officials was well aware that Officer Tapia, had previously threatened plaintiff and other inmates numerous times, before the date of this incident as well as used and called me and other inmates racial names such as **"NIGGER, BITCH"** and a long list of others; however, Officer Victor Tapia, does not identify himself as being black.

**6.**    Officer Victor Tapia, openly lied to the investigators, claiming that he and plaintiff has never had any prior problems or incidents before this matter.

**7.**    On July 18, 2016, the plaintiff was given a charge for not reporting to my assigned program, because officer would not let plaintiff out of his cell; however after the shift changed, plaintiff asked Officer Tapia, to let him out to report to his assigned program and Officer Tapia, stated: **"Don't Worry About It, Just Tell Courtline A Code Was Called."**

**8.**    However, after plaintiff explained that the officer's on both first and second shifts refuse to let him out for his assigned program, the plaintiff was found not guilty, because their was not enough evidence to found him guilty.

**9.**    And after being found not guilty of the charge, the harassment and verbal assault from Officer Tapia begun to escalate.

**10.**    On July 26, 2016, at 6:43 P.M. the plaintiff, approached the officer podium to speak with Officer Tapia, about his mail at which time Officer Tapia, stated: **"Get The Fuck Away From Me, Along With Hand Gestures."** At which time Officer Tapia, walk from behind the podium upholstering his OC chemical spray and pointing it directly in the plaintiff's face while about one to two feet away from him.

**11.**    During this time Officer Tapia, was talking very loud and with an aggressive tone, while using one hand when he spoke and the OC chemical spray in his other hand. Plaintiff then placed both of his hands behind his back and slowly backed away from Officer Tapia.

**12.**    Officer Tapia, continued to walk up on the plaintiff even as he backed away from the officer. Sensing that a problem was about to unfold plaintiff, continued to step backward away from the officer. At which time Officer Tapia, ask plaintiff, **"Why are you moving back bitch, don't get scared now."**

**13.**    At that moment, plaintiff, began to sense that he was being threatened, so to avoid a potential problem the plaintiff decided to walk away from Officer Tapia, with the intention of locking into his assigned cell.

**14.**    At which time Officer Tapia, stated to the plaintiff, **"yeah go back to your cell you bitch ass nigga"** and the plaintiff, responded by saying, **"I Never Been A Bitch, But Don't Want No Trouble."**

**15.** Even as the plaintiff, walked away, Officer Tapia, continued to threaten him stating: "I am going to get you mother fucker."

**16.** However, around 7:55 p.m. Officer Tapia, came to plaintiff assigned cell and ordered him and his cell mate out of the cell. Plaintiff's cell mate McKinnis, got up and exited the cell.

**17.** Officer Tapia, then pat searched Mr. McKinnis, and told him to go to the dayroom. The plaintiff then stood up from his bunk and exited the cell. Upon being pat searched by Officer Tapia, and begun to walk towards the dayroom.

**18.** At which time Officer Tapia, stated, **"What Were You Saying Earlier You Bitch Ass Nigger"** and punched and pushed the plaintiff from behind. The plaintiff, stumble forward and regained his balance, and Officer Tapia, came at the plaintiff again and they begun tussling and the plaintiff pushed officer Tapia, off him and Officer Tapia, fell to the ground and he immediately got up and started to attack plaintiff again.

**19.** Officer Tapia, began swinging punches at plaintiff, while attempting to grab him and pull him into the range of his punches.

**20.** At which time plaintiff, was left with no other choice and begun to defend himself against to attack, advances and assault from Officer Tapia, by grabbing the officer and throwing him to the ground.

**21.** Officer Tapia, got up again from the ground and begun swinging punches again, at which time the plaintiff, begun exchanging punches with Officer Tapia, because the plaintiff, felt, it was the only way to defend himself against the attack of his person.

**22.** During the mutual combat, the plaintiff, threw Officer Tapia, to the ground again and when Officer Tapia, was trying to get up again. The plaintiff, begun stomping him in order to prevent him from getting up again.

**23.** When additional staff responded the plaintiff, backed away from Officer Tapia, with his hands in the air. The plaintiff surrendered and got onto the ground. At which time the plaintiff was placed in handcuffs by custody, that is when other custody staff begun to assault plaintiff that responded to the code.

**24.** In fact, Officer Tapia, continued to come after the plaintiff, even after plaintiff was taken to the ground by the custody and in handcuffs. Officer Tapia, begun spraying the plaintiff in the face with the (OC) chemical spray.

**25.** After being handcuffed the plaintiff, was struck and kicked numerous times by responding Officer's, who the plaintiff was unable to identify all the responding officers, because of the loss of vision due to the (OC) chemical sprayed in his face and eyes by

Officer Tapia.

**26.** Thereafter, the plaintiff continued to be assaulted, his head was slammed into the ground, while he continued to be stumped, kicked and punched by the responding officers.

**27.** The medical department aided and abetted the officers by knowingly, purposely, intentionally, and maliciously denied medical care and treatment, failing and refusing to properly conduct an medical examination or render any medical treatment and falsified medical documents of plaintiff sustaining no kind of injuries, such actions of denial of medical care and treatment, as well as not notifying the proper authorities concerning this matter.

**28.** The very same day the plaintiff was transferred to the New Jersey State Prison, and placed into the detention area to await disciplinary actions.

**29.** Its well known that at South Woods State Prison, that these officers stick together in the prison and do not have any problem brutally assaulting a prisoner, fabricating & falsifying institutional charges as well as tampering with evidence, such as the video tapes to cover-up such assaults.

**30.** ALSO PLEASE BE ADVISED, THAT THERE WHERE NUMEROUS WITNESSES TO THE ENTIRE INCIDENT, WHICH REFUSE TO COME FORWARD, BE INTERVIEWED OR GIVE A STATEMENT DUE TO FEAR OF THEIR SAFETY FROM RETALIATION AND EVEN THE WITNESSES THAT WAS INTERVIEWED REFUSE TO GIVE A WRITTEN STATEMENT OUT OF FEAR FOR THEIR LIVES.

**31.** However, the fact still remains that throughout the New Jersey Department Of Corrections, the Special Investigation Division does not like or refused to properly investigate matters of this nature; which is a clear violation of their own rules, regulations and guidelines as well as the Attorney General Office guidelines concerning complaints and the State's 2C criminal codes. **32.** On July 26, 2016, the plaintiff was interviewed by the Special Investigation Division (SID) formerly known as Internal Affairs; concerning the incident that took place between plaintiff and Officer Victor Tapia, and even after learning that Officer Tapia, initiated the attack against plaintiff, by punching and pushing him while his back was turn to the officer. SID, still

refused and denied to accept and file the plaintiff's criminal complaint of assault against Officer Tapia, on plaintiff's behalf.

**33.** Even with evidence that the plaintiff was the person that was defending himself against the attack from Officer Tapia, after being punched and push from behind by Officer Tapia, SID, charged the   plaintiff with assaulting Officer Tapia.

**34.** Also please note that the video tape evidence was already altered and may continue to be altered to cover-up the assault and attack   from the officer against the plaintiff.

**35.** The New Jersey Constitutions 1947 its the plaintiff's

constitutional right to defend himself against attacks and assaults, see Article 1, Rights And Privileges. 1. All persons are by nature free and independent, and have the certain natural and unalienable rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing, and protecting property, and of pursing and obtaining safety and happiness.

**36.** The New Jersey Constitutions 1947, see Article VII, Public Officers And Employees Section 1., 1. Every State officer, before entering upon the duties of his office, shall take and subscribe an oath or affirmation to support the Constitution of this State and of the United States and to perform the duties of his office faithfully, impartially and justly to the best of his ability.

**37.** Its this State's Duty, Obligation & Oath to uphold the law and all individuals that participated within the assault, unnecessary and excessive force used against the plaintiff as well as all individuals that has tried to cover-up the assault by submitted false and fabricated reports and knowingly tampering with evidence. Has violated their duty, obligation, oath and the   United State Constitution and the New Jersey Constitution.

**38.** In fact, the New Jersey Department of Corrections, spokes person even went as far as Defaming the plaintiff, in the media, due to him being an international entertainer. When they had knowledge and evidence that the plaintiff was the person that was defending himself against the attack from Officer Tapia, after being punched and push from behind by Officer Tapia.

**39.** All the defendants has openly displayed and clearly demonstrated the insensitivity, lack of knowledge, understanding, respect, and indifference to the rules, regulations, policies, procedures, laws and statutes of this State and rights of prisoners; as well as violates sanctity our constitution.

**40.** Plaintiff's unjust disciplinary hearings of the July 26, 2016 incident, violates the Due Process and Equal Protection Clause of the Fifth and Fourteenth Amendment of the United States Constitution. Moreover, Defendant's willfully, knowingly, maliciously, and capriciously conspired to retaliate against Plaintiff for exercising his First Amendment Right of the United States Constitution for judicial redress, intervention and protection, which is in direct violation to the Eighth Amendment for cruel and unusual punishment; and his First and Fourteenth Amendment of the United States Constitution.

**41.** Defendants knowingly, willfully, maliciously, capriciously, and deliberately retaliating against plaintiff for exercising his First Amendment Right to Judicial Redress, Intervention, and Protections, and in violation to the Eighth and Fourteenth Amendments of the United States Constitution.

**42.** All the Defendants knowingly, purposely, willfully, intentionally and maliciously violated public policy, and the expressed will of the legislature, which mandates that the Commissioner of the New Jersey Department of Corrections provide for custody, care, training and treatment of prisoners, along with an environment which encourages the possibility of rehabilitation and reintegration into the community, and which protects prisoners from being victimized within institutions.

**43.** Plaintiff alleges that the defendants have individually and collectively, and in their official capacity, acted to willfully, knowingly, maliciously, vindictively, and capriciously deprived Plaintiff of his Constitutional guarantees, secured under the color of State Law, and rights afforded under the Civil Rights Act and the United States Constitution; including, but not limited to, those enumerated in the preceding paragraphs.

**44.** With respect to each of the following causes of action, defendants knew that Plaintiff's rights were violated when defendants wrongfully and intentionally begun to assault the Plaintiff while he was handcuffed and subdued, which violates Plaintiff's

First, Eighth, and Fourteenth Amendments of the United States Constitution as well as deliberate indifference for the deliberate denial of medical care and treatment. Hence, they knew, or should have known the consequences of their acts and omissions in references to Plaintiff as described in paragraphs 1 to 44 above.

**45.** Plaintiff repeats and realleges each and every allegation paragraphs 1 through 45 as if fully set forth herein. At all time relevant hereto, defendants acted under color of state law. As a direct result of defendants wrongful acts and omissions taken in their official capacity and individually, plaintiff was harassed, threatened, verbal abused, assaulted using excessive and unnecessary force, served administrative segregation while enduring numerous forms of harassment, such as unnecessary cell and strip searched on daily or weekly basis, also has suffered a violation of his constitutional rights resulting in, defamation of his character of being an international entertainer, among other things, physical damage, emotional stress, emotional pain, fear and humiliation; under the auspices of N.J.S.A. 30:1B-3 and 30:1B-6. as well as the New Jersey and United States Constitutions.

## FIRST CAUSE OF ACTION

**46.** The unlawful actions described above in the about complaint violate the right to be free from cruel and unusual punishment embodied in Article I, Section 12, of the New Jersey Constitution.

## SECOND CAUSE OF ACTION

**47.** The unlawfully actions described above in the about complaint of are contrary to the ban on cruel and unusual punishment proscribed by the Eighth Amendment to the United States Constitution as applied to the states through the Fourteenth Amendment to the United States Constitution.

## THIRD CAUSE OF ACTION

**48.** The unlawful actions described above in the complaint violates prisoners rights, rules and regulations for the administration, management and operations of correctional facilities within the state of New Jersey as to violate the Equal Protection Clause of New Jersey Constitution at Article I, Section 10.

## FOURTH CAUSE OF ACTION

**49.** The unlawful actions described above in the complaint violates state rules, policies, regulations for the administration, management and operations of correctional facilities within the state of New Jersey as set forth in Title 10A of the New Jersey Administrative Code.

### FIFTH CAUSE OF ACTION

**50.** The unlawful actions of confinement described in the above complaint violates public policy, and the expressed will of the legislature, which mandates that the Commissioner of the New Jersey Department of Corrections provide for custody, care, training and treatment of prisoners, along with an environment which encourages the possibility of rehabilitation and reintegration into the community, and which protects prisoners from being victimized within institutions. N.J.S.A. 30:1B-3 and 30:1B-6.

### SIXTH CAUSE OF ACTION

**51.** Defendants Tapia, Kuhlen, Hunter, Dunns, Mackeprang, Garcia, Dooley, Hawk, Lopez, Elbeuf, Spinelli, Toro, West, Alexander, Adams, Spratley, Mercado, Pierce, Morales-Pitre, Riggins, Swift and Hunter, knowingly, purposely, willfully, maliciously and intentionally deprived the plaintiff of his substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, his substantive rights, privileges or immunities secured by the Constitution or laws of this State, and whose exercise and enjoyment of those substantive rights, privileges or immunities has been interfered with, by threats, intimidation by the defendants who is clearly acting under color of law. N.J.S.A. 10:6-2(c).

### SEVENTH CAUSE OF ACTION

**52.** Defendants Tapia, Kuhlen, Hunter, Dunns, Mackeprang, Garcia, Dooley, Hawk, Lopez, Elbeuf, Spinelli, Toro, West, Alexander, Adams, Spratley, Mercado, Pierce, Morales-Pitre, Riggins, Swift and Hunter, knowingly, purposely, willfully, intentionally and maliciously violated the plaintiff's human rights embodied in Article 2, Article 3, Article 5, Article 7, Article 8, Article 10, and Article 28, of the Universal Declaration of Human Rights.

### EIGHTH CAUSE OF ACTION

**53.** Defendants Tapia, Kuhlen, Hunter, Dunns, Mackeprang, Garcia, Dooley, Hawk, Lopez, Elbeuf, Spinelli, Toro, West, Mercado and Hunter, knowingly, purposely, willfully, The Defendants knowingly, purposely, willfully, maliciously and intentionally violated the New Jersey State Department Of Corrections Rules And Regulations For Law Enforcement Personnel: ARTICLE I, General Provisions; Section 3. Officers shall be held responsible for the proper performance of duty and for strict adherence to these rules and regulations.

### NINTH CAUSE OF ACTION

**54.** Defendants Tapia, Kuhlen, Hunter, Dunns, Mackeprang, Garcia, Dooley, Hawk, Lopez, Elbeuf, Spinelli, Toro, West, Mercado and Hunter, knowingly, purposely, willfully, maliciously and intentionally violated the New Jersey State Department Of Corrections Rules And Regulations For Law Enforcement Personnel: ARTICLE III, Professional Conduct; Section 1. No officer shall discriminate against or harass any employee, inmate, parolee, or member of the general public based upon that individual's race, creed, color, national origin, sex, affectation or sexual orientation, age, religion or handicap/disability. No officer shall engage in any behavior which could be construed as sexual harassment. Such action as deliberate or repeated sexual advances, requests for sexual favors, comments, gestures, and other verbal or physical conduct of sexual nature is expressly prohibited.

### TENTH CAUSE OF ACTION

**55.** Defendants Tapia, Kuhlen, Hunter, Dunns, Mackeprang, Garcia, Dooley, Hawk, Lopez, Elbeuf, Spinelli, Toro, West, Mercado and Hunter, knowingly, purposely, willfully, maliciously and intentionally violated the New Jersey State Department Of Corrections Rules And Regulations For Law Enforcement Personnel: ARTICLE III, Professional Conduct; Section 2. No Officer Shall: a. Engage in threatening or assaultive conduct; b. Direct insulting language, or behave in a disrespectful manner while in the performance of their duty.

### ELEVENTH CAUSE OF ACTION

**56.** The prison officials and other prison staff was well aware of the harassment, abusive and oppressive conditions, threats, intimidation tactics, assaults and the use of

excessive force against numerous prisoners in the prison. Even with full knowledge of the harmful conditions refused and failed to take action to prevent such actions, which resulted in, the plaintiff being maliciously, sadistically and brutally assaulted by numerous Correctional Officers.

## TWELVETH CAUSE OF ACTION

**57.** On July 26, 2016, the plaintiff was knowingly, purposely, willfully, intentionally, maliciously, sadistically and brutally assaulted by numerous Correctional Officers, for defending himself against the unlawful attack initiated on his person by Defendant Victor Tapia. These acts resulted in Plaintiff suffering the unwanted and unnecessary affects of cruel and unusual punishment, in violation to the Eighth Amendment of the United States Constitution.

## THIRTEENTH CAUSE OF ACTION

**58.** On July 26, 2016, when additional staff responded defendants Kuhlen, Hunter, Dunns, Mackeprang, Garcia, Dooley, Hawk, Lopez, Elbeuf, Spinelli, Toro, West and Hunter, the plaintiff, surrendered with his hands in the air and got onto the ground. Plaintiff was placed in handcuffs by custody, at which time the defendants knowingly, purposely, willfully, intentionally, maliciously and sadistically begun to assault plaintiff using unnecessary and excessive force. These acts resulted in Plaintiff suffering the unwanted and unnecessary affects of cruel and unusual punishment, in violation to the Eighth Amendment of the United States Constitution.

## FOURTEENTH CAUSE OF ACTION

**59.** On July 26, 2016, while plaintiff was on the ground and in handcuffs. Officer Tapia, continued to assault on the plaintiff, by spraying the plaintiff in the face and eyes with the (OC) chemical spray. While defendants Kuhlen, Hunter, Dunns, Mackeprang, Garcia, Dooley, Hawk, Lopez, Elbeuf, Spinelli, Toro, West and Hunter continued to assault plaintiff. These acts resulted in Plaintiff suffering the unwanted and unnecessary affects of cruel and unusual punishment, in violation to the Eighth Amendment of the United States Constitution.

## FIFTHTEENTH CAUSE OF ACTION

**60.** On July 26, 2016, the defendants Tapia, Kuhlen, Hunter, Dunns, Mackeprang,

Garcia, Dooley, Hawk, Lopez, Elbeuf, Spinelli, Toro, West and Hunter, knowingly, purposely, willfully, intentionally, maliciously, and deliberately continued to assaulted the plaintiff, by slamming his head into the ground, stumping, kicking and punching him. while the plaintiff was handcuffed and subdued. These acts resulted in Plaintiff suffering the unwanted and unnecessary affects of cruel and unusual punishment, in violation to the Eighth Amendment of the United States Constitution.

## SIXTEENTH CAUSE OF ACTION

**61.** On July 26, 2016, defendant Pierce, of the medical department aided and abetted defendants Tapia, Kuhlen, Hunter, Dunns, Mackeprang, Garcia, Dooley, Hawk, Lopez, Elbeuf, Spinelli,  Toro, West and Hunter, by knowingly, purposely, willfully, intentionally, maliciously and deliberately denied the plaintiff medical care and treatment, failing and refusing to properly conduct an medical examination or render any medical treatment. These acts resulted in Plaintiff suffering the unwanted and unnecessary affects of cruel and unusual punishment, in violation to the Eighth Amendment of the United States Constitution.

## SEVENTEENTH CAUSE OF ACTION

**62.** On July 26, 2016, defendant Pierce, of the medical department further aided and abetted the defendants Tapia, Kuhlen, Hunter, Dunns, Mackeprang, Garcia, Dooley, Hawk, Lopez, Elbeuf, Spinelli, Toro, West and Hunter, by knowingly, purposely, willfully, intentionally, maliciously and deliberately falsified medical report documenting the plaintiff sustaining no kind of injuries, not even a bruise, such actions of denial of medical care and treatment, and not notifying the proper authorities concerning this matter. Such acts resulted in Plaintiff suffering the unwanted and unnecessary affects of cruel and unusual punishment, in violation to the Eighth Amendment of the United States Constitution.

## EIGHTEENTH CAUSE OF ACTION

**63.** Defendant Morales-Pitre, violated Plaintiff right to a fair and impartial disciplinary hearing, in violation to the equal protection and due process clause of the Fourteenth Amendment of the United States Constitution. These acts resulted in Plaintiff suffering the unwanted affects of cruel and unusual punishment, in violation to the Eighth

Amendment of the United States Constitution.

## NINETEENTH CAUSE OF ACTION

**64.** Defendant Morales-Pitre, denied Plaintiff of a fair and impartial disciplinary hearing. Defendant denied Plaintiff the right to be present during the alleged hearings on August 2, 2016 and August 3, 2016. Defendant denied Plaintiff the right to review all evidence against him. Defendant denied Plaintiff defense of self-defense. Defendant also denied the admissibility of exculpatory evidence, namely the video tapes of incident. Defendant violated Plaintiff's fundamental right to equal protection and due process clause to the Fourteenth Amendment of the United States Constitution. As a result, Plaintiff is suffering cruel and unusual punishment, in violation to the Eighth Amendment of the United States Constitution.

## TWENTIETH CAUSE OF ACTION

**65.** Defendant Morales-Pitre, denied Plaintiff of a fair and impartial disciplinary hearing. Defendant sanctioned Plaintiff to 180-days administrative segregation and 180-days loss of commutation credit, August 3, 2016. Defendant wrote a false summary of evidence and reasons for sanctions. Defendant refused to take into account and withdraw the witness statements from the hearings that was attained by Special Investigation Division. Defendant also denied the right to confront and cross-examine his accuser's. Defendant violated Plaintiff's fundamental right to equal protection and due process clause to the Fourteenth Amendment of the United States Constitution. As a result, Plaintiff is suffering cruel and unusual punishment, in violation to the Eighth Amendment of the United States Constitution.

## TWENTY-FIRST CAUSE OF ACTION

**66.** Defendant Swift, refused to amend, modify and correct the appeal of the unfair hearing presented before Defendant Morales-Pitre. Plaintiff was denied a fair and impartial consideration on appeal from said hearings, in violation to the equal protection and due process clause of the Fourteenth Amendment of the United States Constitution. As a result, Plaintiff suffered cruel and unusual punishment, in violation to the Eighth Amendment of the United States Constitution.

### TWENTY-SECOND CAUSE OF ACTION

**67.** All the Defendants have individually and collectively, and in their official capacity, acted to willfully, knowingly, maliciously, vindictively, and capriciously, wrote false reports and statements, threatened witnesses to the incident, tampered with evidence, namely the video tapes of the incident just to cover-up the assault and excessive force and maliciously violate Plaintiff's liberty interest, protected by the Fourteenth Amendment of the United States Constitution. Moreover, their actions were done in retaliation to Plaintiff.

### TWENTY-THIRD CAUSE OF ACTION

**68.** Defendants Alexander, Adams and Spratley, knowingly, purposely, willfully, maliciously and intentionally violated the New Jersey Attorney General's **Guidelines Concerning Complaints** by refusing to accept and file the criminal complaint with the Prosecutor's Office on the plaintiff's behalf. Which clearly states: The New Jersey Attorney General guidelines concerning internal affairs complaints states; in Requirement 2, accepting reports of officer misconduct, that "EVERY" law enforcement agency must accept reports of officer misconduct from any person, including anonymous sources, at any time. The guidelines also state that all complaints of officer misconduct shall be accepted from all persons who wish to file a complaint regardless of the hour or day of the week. Internal affairs personnel, if available should accept complaints. At no time should a complaint be told to return at a later time to file his report. That resulted in the unnecessary violation of Plaintiff's First, Fifth, Eighth, and Fourteenth Amendment of the United States Constitution.

### TWENTY-FOURTH CAUSE OF ACTION

**69.** Defendants Alexander, Adams and Spratley, knowingly, purposely, willfully, maliciously and intentionally violated the plaintiff's Fifth Amendment Due Process rights.

### TWENTY-FIFTH CAUSE OF ACTION

**70.** Defendants Tapia, Kuhlen, Hunter, Dunns, Mackeprang, Garcia, Dooley, Hawk, Lopez, Elbeuf, Spinelli, Toro, West, Alexander, Adams, Spratley, Mercado, Pierce, Morales-Pitre, Riggins, Swift and Hunter, actions were deliberate and retaliatory, and in

violation to N.J.S.A. 2C:5-2 (Conspiracy); N.J.S.A. 2C:12-1 (Assault); N.J.S.A. 2C:12-3 (Terroristic Threats); N.J.S.A. 2C:28-3 (Falsification of an unsworn statement); N.J.S.A. 2C:28-6 (Tampering With or Fabricating Physical Evidence); N.J.S.A. 2C:28-7 (Tampering With Public Records or Information); and N.J.S.A. 2C:30-2 (Official Misconduct) and violates Plaintiff's First, Fifth, Sixth, Ninth, and Fourteenth Amendment of the United States Constitution.

## TWENTY-SIXTH CAUSE OF ACTION

**71.** The Defendants knowingly, willfully, maliciously, capriciously, and deliberately retaliating against plaintiff for exercising his First Amendment Right to Judicial Redress, Intervention, and Protections, and in violation to the Eighth and Fourteenth Amendments of the United States Constitution.

## TWENTY-SEVENTH CAUSE OF ACTION

**72.** Defendants Tapia, Kuhlen, Hunter, Dunns, Mackeprang, Garcia, Dooley, Hawk, Lopez, Elbeuf, Spinelli, Toro, West, Alexander, Adams, Spratley, Mercado, Pierce, Morales-Pitre, Riggins, Swift and Hunter, acts and omissions, taken in their official capacity and individually, under the auspices of the Department of Corrections rules, regulations, and policy/procedure pursuant to N.J.S.A. 30:1B-1 et seq., and §30:1B-6g with specific regulations violating the Plaintiff's right to equal protection and due process of law under the Fifth and Fourteenth Amendment of the United States Constitution.

## TWENTY-EIGHTH CAUSE OF ACTION

**73.** The New Jersey Department Of Corrections as well as all the defendants has knowingly, purposely, intentionally, willfully and maliciously violated the prison grievance process of properly filed grievance that simply vanish (which is being taken out the administrative box and disregarded); properly filed grievance that are being are combined with other complaint; properly filed grievance that responses are knowing be falsified; properly filed grievance that are appealed and never return which amount to an unfair and unjust advantage of the exhaustion requirements.

## TWENTY-NINTH CAUSE OF ACTION

**74.** Plaintiff repeats and realleges each and every allegation paragraphs 1 through 75

(which is being taken out the administrative box and disregarded); properly filed grievance that are being are combined with other complaint; properly filed grievance that responses are knowing be falsified; properly filed grievance that are appealed and never return which amount to an unfair and unjust advantage of the exhaustion requirements.

## TWENTY-NINTH CAUSE OF ACTION

**74.** The defendants were well aware that plaintiff is an international entertainer and the defendants knowingly, purposely, intentionally, maliciously, vindictively, and capriciously defamed the plaintiff in the news media with the claim that he assaulted a correctional officer for no reason.

## THIRTIETH CAUSE OF ACTION

**75.** Plaintiff repeats and realleges each and every allegation paragraphs 1 through 75 as if fully set forth herein. At all time relevant hereto, defendants acted under color of state law. Defendants Tapia, Kuhlen, Hunter, Dunns, Mackeprang, Garcia, Dooley, Hawk, Lopez, Elbeuf, Spinelli, Toro, West, Alexander, Adams, Spratley, Mercado, Pierce, Morales-Pitre, Riggins, Swift and Hunter, have individually and collectively, and in their official capacity, acted to willfully, knowingly, maliciously, vindictively, and capriciously deprived Plaintiff of his Constitutional guarantees, secured under the color of State Law, and rights afforded under the Civil Rights Act and the United States Constitution.

## LIABILITY

These violations have been brought to the attention of all levels of the Administration and high ranking custody staff, by submission of numerous remedy form, written letters and by way of the Wing Representatives, complaint after complaint have been disregarded. Every person who, under color of any Statute, Ordinance, Regulation, Custom or Usage, of any State or Territory...subjects or causes to e subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

**FORM TO BE USED BY A PRISONER IN FILING A
CIVIL RIGHTS COMPLAINT**

7.    <u>**Relief Sought:**</u>

**1.    Declaratory Judgment,** finding the unlawful actions described in the above complaint to be in violation of the state and federal constitution as well as federal and state statutes, regulations and laws.

**2.    Consequential damages** in the amount of $500,000.00 from each Defendant in their individual capacity.

**3.    Consequential damages** in the amount of $500,000.00 from each Defendant in their official capacity.

**4.    Compensatory damages** in the amount of $500,000.00 from each Defendant in their individual capacity.

**5.    Compensatory damages** in the amount of $500,000.00 from each Defendant in their official capacity.

**6.    Punitive damages** in the amount of $1,000,000.00 from each Defendant in their individual capacity.

**7.    Punitive damages** in the amount of $1,000,000.00 from each Defendant in their official capacity.

**8.    Nominal damages,** in excess of $3,000,000.00  in the event a jury finds no compensatory or consequential damages.

**9.    Defamation Of Character damages,** in the amount of $3,000,000.00 jointly against the Defendants.

**10.**    An award for costs and expenses including reasonable attorney fees.

**11.**    Any other relief that may be available in law or equity or that the courts deem just and proper.

**8.** Do you request a jury or non-jury trial (Check only one)

( **X** ) **Jury Trial**          (   ) **Non-Jury Trial**

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __22nd__ day of __August_____, 2017.

_A. Davis_____
Signature of Plaintiff

_____
Signature of Plaintiff

_____
Signature of Plaintiff

EACH PLAINTIFF NAMED IN THE COMPLAINT MUST SIGN THE COMPLAINT HERE. ADD ADDITIONAL LINES IF THERE IS MORE THAN ONE PLAINTIFF. REMEMBER, EACH PLAINTIFF MUST SIGN THE COMPLAINT.